TOMASA CARRIÓN DE GAGO, ETC., ET AL., Plaintiffs and Appellants, *v.* TOMÁS DÍAZ, Defendant and Appellee.

No. 8696. Argued April 15, 1943.—Decided June 23, 1943.

*Henry B. Llenza* for appellants. *Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Tomás Díaz, the defendant-appellee, entered into a contract with Gaspar Díaz, a painter, for the latter to paint his house in the Hipódromo Development of Santurce. The contract provided for a lump sum and included labor, with the provision that the painter would supply the ladders, brushes, and other tools, while the proprietor of the house would supply the paint and other materials. After the painter had painted part of the house, he was discharged by the proprietor, Tomás Díaz, because the latter had observed that the painter was drinking.

Thereafter, Tomás Díaz contracted for the completion of the work with Sebastián Gago Mercado for $25 under the same conditions as he had contracted with Gaspar Díaz, the previous painter.

On December 4, 1941, between 10 and 11 o'clock in the morning, while he was ascending a ladder 5 feet high, property of the owner of the house, and painting on the outside of one of the windows of the first floor, Sebastián Gago fell from the ladder and received several blows. He was taken to the District Hospital of Bayamón, where he died in the early morning of December 6, 1941 because of peritonitis caused by traumatic lesion of the small intestine.

His widow, for herself and as mother with *patria potestas* of her legitimate minor daughter, filed suit against Tomás Díaz for damages arising out of the death of Sebastián Gago Mercado.

The plaintiff alleged that the death of Sebastián Gago was

due to the negligence and neglect of his employer, Tomás Díaz, in not providing the said painter with a scaffold or platform which would have furnished him proper and adequate protection while he was painting, and in furnishing him with only a folding ladder. The defendant answered, specifically denying the essential facts of the complaint and alleging as special defenses the insufficiency of the facts alleged and the negligence of the predecessor in interest of the plaintiffs as the only and proximate cause of the accident.

The complaint was dismissed and the plaintiffs were ordered to pay costs. The plaintiffs have appealed from that judgment. On appeal they allege that the lower court erred as follows:

1. In permitting Luis Maisonet to testify as to whether or not the construction of scaffolds for the work being done by the predecessor in interest of plaintiffs-appellants, Sebastián Gago, was necessary; and in refusing to strike his answer, inasmuch as the determination of the applicability of the Scaffold Law was a function of the lower court, and could not be decided by conclusions of that witness.

2. In permitting Tomás Díaz to testify, in spite of the objection of the plaintiffs-appellants, as to the agreement entered into with Gaspar Díaz for the painting of his house, in view of the fact that Gaspar Díaz was not a party to this suit and any agreement he had made with the defendant-appellee could not obligate Sebastián Gago Mercado.

3. In deciding that, in accordance with Act No. 30 of 1913 (Laws of 1913, p. 71), as amended by Act No. 61, approved on May 6, 1936 (Laws of 1936, p. 314), the defendant-appellee, Tomás Díaz, had no duty to construct for the benefit and security of the painter, Sebastián Gago Mercado, a scaffold or platform, pursuant to the said law.

4. In deciding that no legal negligence of the defendant-appellee had been proved, since he was not obliged by any provision of law to construct a platform to protect the life and safety of the painter, Sebastián Gago.

5. In deciding that Sebatián Gago Mercado was an independent contractor, without his having raised that defense and without any testimony having been presented to sustain that conclusion, and that as such he assumed the risks which might arise in the execution of the job.

6. In dismissing the complaint.

■ The first question to determine is that of jurisdiction raised by the appellee. He contends in his brief that in view of the fact that the judgment in this case was entered by the lower court on October 20, 1942, and the appeal was not filed and notified until December 1, 1942, this court lacks jurisdiction of the case, since the statutory term to appeal has expired.

The appellee is mistaken. In a number of cases this court has held that the term to appeal does not begin to run until the day on which the secretary of the district court files a copy of the notification of judgment in the record of the case. (See *Arzuaga* v. *Roe et al.,* 20 P.R.R. 292; *Martorell* v. *Andino & Febres,* 38 P.R.R. 149; *Sánchez* v. *De Jesús,* 39 P.R.R. 761; *Buxó* v. *Sellés,* 47 P.R.R. 296; *Rodríguez* v. *Torres,* 48 P.R.R. 896; *Ríos* v. *Díaz,* 54 P.R.R. 662; *Vázquez* v. *González,* 60 P.R.R. 404, and *Ramírez* v. *Banco Comercial de P. R., (per curiam),* judgment of January 15, 1943, 61 *D.P.R.* 971). In this case the filing of the copy of the notification of the judgment in the record did not take place until November 2, 1942, as established by the certificate issued by the Clerk of the District Court of San Juan, which is attached to the record. Consequently, only 29 days having elapsed from that day until the filing of the notice of appeal by the appellants, the latter was filed within the statutory term and therefore this court has jurisdiction to consider the appeal.

■ The principal questions to be decided in this case are two:

(*a*) Was the defendant obligated by law to construct a scaffold or platform for the benefit, protection and safety of the painter, Sebastián Gago Mercado?

(*b*) Was the painter, Sebastián Gago, an independent contractor, or on the contrary did the relationship of employer and employee exist between him and Tomás Díaz?

Let us examine the first question. The statute governing the subject is Act No. 61 of May 6, 1936, which repealed the former statute, Act No. 30 of 1913. The appellants contend that, in accordance with the said Act, the defendant was obligated to construct a scaffold or platform for the security and protection of the painter.

An analysis of that Act brings us to the conclusion that no such obligation existed. There is nothing in any of its provisions imposing on those who are about to engage in work of the kind enumerated in the law the obligation to construct scaffolds or platforms. The only thing that the law does is to establish the manner in which such scaffolds must be constructed and the requirements with which they must comply. But nowhere does it say that it shall be the obligation of those who are about to repair or paint their houses to construct scaffolds or platforms for the protection of the employees. The said Act (Laws of 1936, p. 314) in establishing the requirements which must be complied with, says (§2): "Any natural or artificial person attempting to carry out in Puerto Rico any work where the construction of scaffolds *is necessary*. . ." (italics ours), from which we conclude that scaffolds must be constructed only when they are necessary, that is, the owner is not always obligated to construct platforms. Consequently, Tomás Díaz was obligated to construct a platform, if the construction of the same was necessary for the protection and security of his employees. But was this construction necessary here? We think not.

The painter, Sebastián Gago, when the accident which caused his death occurred, was ascending a ladder five feet high, painting a window on the lower floor. Assuming that Gago had gone to the top rung, that is to a height of five feet above the ground, the place where he was painting would

have then been at a height of ten or twelve feet, and in order to paint at such a height it does not seem to us necessary to provide a scaffold. Since an employer is obligated to construct a scaffold only when the same is necessary for the security of the employee, the lower court did not err in admitting the testimony of the painter Maisonet, who testified that it is not necessary to have a scaffold in order to paint at a height of ten feet or less, since that can be done with a ladder of five or six feet.

The accident which occurred to Gago was, in our opinion, unfortunate. In accordance with expert testimony, in the great majority of cases a fall from that height is not sufficient to cause death. Consequently, assuming for the purposes of this discussion, that the relationship of employer and employee existed between Gago and Tomás Díaz, we do not believe that the said employer violated the law or was negligent in not furnishing his employee with a scaffold or a platform with a railing in order to do this work.

The appellant cites *Díaz* v. *Arkadia Sugar Co.*, (1919) 27 P.R.R. 537, in order to show that the defendant-appellee was obligated to construct the platform. In the headnote of that case it is said that "Act No. 30 of 1913 provides that any person who intends to construct or repair a building shall construct a scaffold, platform, or other similar contrivance for the benefit and safety of the carpenters, masons, or other employees. . .". However, that headnote is not exactly in accord with the holding in said case. The case involved an employee who was working on a scaffold and in proceeding to get on a beam he lost his balance and fell because the scaffold on which he was working had no railing, that is to say, because the defendant had not constructed the scaffold in accordance with the requirements of the law. The court decided that, in accordance with the provisions of Act No. 30 of 1913, "As to the railing, every scaffold must have a railing around it." What the court actually decided in that case is that every scaffold which is constructed must

provide those means of security which the law requires for the protection of the employees who work thereon. But the case contains no holding as to when scaffolds must be constructed.

It is true that at p. 542 the court in its opinion says the following:

"The appellant also maintains that there are allegations in the complaint which were not proved by the evidence and points out the 7th, as follows: 'That plaintiff called the defendant's attention to the dangerous condition of the said scaffold on several occasions.'

"Indeed, the evidence is deficient on this point, but in our judgment in order to conclude that the defendant had knowlege of the defect it is unnecessary to allege and prove that the plaintiff had given notice of it. By virtue of the law, as we have seen, it was the duty of the defendant to construct the railing. It did not do so. What else need be proved? The defendant necessarily had knowldege of its own acts."

Although the court said that the defendant by a requirement of law was obligated to construct the platform, we do not believe that it meant the platform as such, because whether well or poorly built, the fact is that it was built, and if it were not built the employee could not have fallen from such a platform. In our opinion, what the court really meant was that the defendant corporation was obligated to construct the platform adequately, since the statement that the corporation was obligated to construct the platform had no basis in the facts of the case or in the law.

For these reasons we do not believe that the error assigned was committed.

█ The other question involves the nature of the relationship existing between the defendant Díaz and the predecessor in interest of the plaintiffs, Sebastián Gago.

The appellants allege that the defendant-appellee "did not raise in his pleadings the defense of independent contractor." In their complaint the plaintiffs allege that "on December 4, 1941, while [Sebastián Gago Mercado] was work-

ing for $4.50 a day for his employer, the defendant Tomás Díaz, who was not insured in the State Insurance Fund. . .''.

This allegation was answered by the defendant as follows:

"3. As to the third paragraph of the complaint . . . he denies that on December 4, 1941, or on any other day he was working for $4.50 a day for the defendant."

That is, the only thing the defendant denies in his answer is that the painter, Gago, worked for $4.50 a day, thereby admitting the rest of the allegation, that is, that the said painter was working for his employer, the defendant Tomás Díaz, who was not insured with the State Insurance Fund. The answer of the defendant involves a negative pregnant. He admits the fact of relationship as employer and employee, and only denies the facts as to the compensation which the injured employee was receiving. See *Bahr* v. *American Railroad Co.*, decided May 17, 1943 (61 P.R.R. 885). For the aforesaid reasons, the defendant was estopped to present at the trial testimony contrary to the fact admitted in his answer, and he therefore could not present the defense of independent contractor.

In our opinion, the lower court erred in admitting testimony tending to show that the relationship between the defendant and the predecessor in interest of the plaintiffs was not that of employer and employee. This error does not require us to reverse the judgment, as we have already held that even if the relationship of employer and employee existed, the employer under the circumstances of this case was not obligated to provide the employee with a scaffold.

The only question remaining is whether or not there was negligence on the part of the defendant, Tomás Díaz.

The action is one brought, not under the Workmen's Accident Compensation Act (Act No. 45 of 1935, Laws of 1935, p. 250), but under §1802 and subsequent Sections of the Civil Code, 1930 ed., which involve responsibility because of fault

or negligence. This being so, it is incumbent upon the plaintiffs to show negligence on the part of the defendant.

We have already seen that the defendant did not fail to comply with any duty imposed on him by law in failing to construct a scaffold for the protection of his employee while the latter was painting a window on the bottom floor.

The accident occurred when the employee fell from a ladder which was the property of his employer. But there was nothing in the testimony which indicated whether or not this ladder was in bad condition; nobody saw the painter fall, and there was no showing that the defendant was negligent at any time. The plaintiffs having failed to present any proof to show that the defendant was negligent, the lower court acted properly in dismissing the complaint.

The judgment must be affirmed.

Mr. Chief Justice Del Toro did not participate herein.